O

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN AYALA,<br><br>    Petitioner,<br><br>  v.<br><br>WARREN L. MONTGOMERY,<br>Warden,<br><br>    Respondent. | Case No. 2:21-cv-09957-CAS(AS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition in this case, and all relevant pleadings and other documents filed and lodged in this action, including the Report and Recommendation of United States Magistrate Judge (Dkt. 17, "Report"), and Petitioner's Objection to the Report (Dkt. 18, "Objection"). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of the matters to which objections have been stated. Petitioner's assertions and arguments have been reviewed carefully.  The Court, however, concludes that nothing set forth in the Objection or otherwise in the record for this case affects or alters, or calls into question, the findings and analysis set forth in the Report or warrants staying this action.

  Petitioner's Objection raises three grounds: (1) that Petitioner was unable to submit a reply brief due an inability to access electronic mail; (2) that the sentence

1 he received is inappropriate because he did not use force or fear "during the
2 robbery;" and (3) that changes to "sections 486 and 488 [that were] effective
3 Jan[uary] 1, 2022," require the Court to "overturn [his] case []to First Degree Petty
4 Theft." The Court finds and concludes that all of Petitioner's objections are
5 without merit.

      First, while petitioner states he was unable to submit his reply brief due to an inability to access his electronic messages, he fails to indicate what he would have raised in his reply brief. Accordingly, the Court finds Petitioner was not prejudiced as a result of his failure to submit a reply brief.

      Second, Petitioner argues in his Objection that that he did not use his deadly weapon "during the robbery" because he dropped the stolen beer before discharging his weapon. Objection at 1. Pursuant to California law, robbery "is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211. Here, like the Magistrate Judge, the Court finds that "the Court of Appeal reasonably applied the Jackson standard by construing the evidence in the light most favorable to the prosecution and concluding that a rational juror could find beyond a reasonable doubt that Petitioner still intended to steal the beer when he shot at the loss prevention employees." Report at 14; see also Jackson v. Virginia, 443 U.S. 307, 319 (1979) (To review the sufficiency of the evidence in a habeas corpus proceeding, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.") (emphasis in original). In particular, although Petitioner dropped the beer before discharging his weapon, a reasonable jury could infer the Petitioner "dropped it merely to free his hand to grab the gun, while still intending to simply pick the case back up again

and flee with it." Report at 14. Accordingly, as noted in the Report, "a reasonable jury could find that Petitioner used force or fear with the intent to permanently steal the beer, even though he escaped without it." Id. at 15.

Finally, the Court interprets Petitioner's reference to "sections 486 and 488" as a reference to California Penal Code sections 486 and 488, which cover the two degrees of theft (grand theft and petty theft), and the definition of petty theft, respectively. See Cal. Penal Code §§ 486, 488. The Court reviewed Sections 486 and 488 of the California Penal Code, and found that no recent changes that were made to those Sections. See Objection at 1. Accordingly, the Court finds that Petitioner's argument that the Court must reduce his conviction to First Degree Petty Theft because of "changes to sections 486 and 488 effective Jan[uary] 1, 2022," is without merit.

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. In accordance with the foregoing, the Court **DENIES** the Petition, and concludes that Judgment should be entered **DISMISSING** this action **WITH PREJUDICE**.

Dated: July 25, 2022

*Christina A. Snyder*
HONORABLE CHRISTINA A. SNYDER
United States District Judge